Good morning, everyone. Judge Branch and I are delighted to be here with you in person and see your happy, smiling faces this morning. We welcome you to this session of the Eleventh Circuit sitting in Atlanta this week. We have with us by Zoom Judge Carnes, and if you cannot see or hear him at any point, we experience any technical difficulties, just be patient and our fabulous IT team will take care of the problem. I think that many of you are but in case it's your first time here, the timing light, the bulb will turn yellow when you have two minutes remaining in your argument, and it will turn red when your time has expired. We ask at that time that you quickly conclude your remarks, but if you are answering questions from the court, you may complete your answer. So let's proceed with our first case this morning, United States v. Shamsid-Deen, and I see that we have Mr. Lehrman, is that correct? Correct. You may begin when you're ready. Good morning. May it please the Court, Dan Lehrman for the United States. The question in this case is whether the defendant's jury trial waiver in his prior state domestic violence case was knowing and voluntary, and all the evidence shows that it was, and I'd like to provide two pieces of evidence. The first, his trial attorney stated that the defendant proceeded by bench trial to avoid the trial tax. Second, the state solicitor general testified that represented defendants were placed on the jury trial calendar by default and had to affirmatively request a non-jury trial. And the third is the record of court form itself which confirms that that all happened here, that it was signed on the date of the non-jury trial. The evidence therefore shows a valid waiver irrespective of who has the burden of proof. First, the trial tax. The defendant's trial counsel informed the state court that, quote, we proceeded on a non-trial basis to avoid the trial tax. That is the perception that defendants who proceeded to a jury trial could be sentenced harsher than those who went to a bench trial. He also informed the court that that was his general practice. That is, he stated, quote, I tell defendants I like bench trials because you avoid the tax sometimes. This shows that the defendant, with the advice of counsel, made the deliberate choice to proceed by a non-jury trial for strategic reasons. That is the very definition of a knowing waiver. Second, we have the state solicitor general's undisputed testimony. Her testimony showed that represented defendants were placed on the trial calendar by default. That the only way for defendants to get off the trial calendar was to affirmatively request a non-jury trial. Well, here he essentially requested a non-jury trial by signing the form, didn't he? The record shows that he requested it before then, Your Honor, because he signed the form at the date of his already scheduled bench trial. And the witness you're talking about admitted that she had no personal knowledge of this case or what happened here. Isn't that right? That's correct, Your Honor. She testified as to the general state procedures and our view is that those general state procedures are confirmed by the text of the form here. So the general state procedures is that the default is a non-jury trial. You have to request a, sorry, excuse me, the default is a jury trial. A defendant has to request a non-jury trial and the record of court form is signed by defendants at the time of their already scheduled bench trial. So it memorializes a prior decision to waive the right to a jury trial. And the record of court form shows that that's what happened here, Your Honor, because it was signed by the defendant and his counsel and the prosecutor and the judge at the date, in fact, at the actual scheduled bench trial. So that shows that it was used to memorialize a prior decision. Nobody would have showed up to a bench trial if he had not requested a non-jury trial. I know that you argue that we apply a de novo standard of review here, but that seems to me very odd as to the district court's findings on the persuasiveness of the evidence in this case. I think you're right about the out-of-circuit cases, but I don't see anything supporting that position in our law. What's your best authority? This Court's decision in Jackson, Your Honor, quoted favorably the Tenth Circuit's decision in Flower, which held that Section 921's exceptions is a question of law decided before trial by the trial court and reviewed de novo by the Court of Appeals. And this Court applied de novo review in Jackson. I do agree that. I think if the trial court made express credibility findings, for example, I believe that would be in the nature of a mixed question of law and fact. This Court's review is overall de novo as to the existence and validity of the waiver. I don't think there were any such findings here, and I think all the evidence is undisputed. I just wouldn't want to foreclose the possibility. I think if there were, you know, a straight-up credibility finding that, let's say, the defendant testified here, he did not testify. But if the defendant or the defendant's lawyer testified as to what transpired between the lawyer and the client, I believe the judge could make credibility to findings. And because of her, you know, favored position in the Court, she was probably best suited to do so, and this Court would probably defer to that. But overall, it's undisputed that this is a question of law by the trial judge to be decided before trial and reviewed de novo. And the defendant below asked the Court to decide this is a question of law. How do you deal with our decision in United States v. Thompson, which, as I read it, applied a mixed standard of review? I'm not sure I'm familiar with Thompson, Your Honor, but, again, I do think it's a mixed question of law and fact, ultimately. But I think the question of a waiver val non is a question of law, and then there might be subsidiary questions of fact. And the Tenth Circuit's decision in Bethelem said as much. It said it's reviewed de novo even though the trial court may make factual findings in the course of reaching its ultimate determination on the waiver. And I think that's just typically what this Court does with respect to such mixed questions of law and fact. You said it doesn't matter what the level of burden is or who bears the burden. Are you suggesting, though, that the burden has, that the criminal defendant met his initial burden of raising this exception and it shifted to the government? Or are you saying we don't even get to the government's burden? No, Your Honor. I'm not saying that at all. I'm making two points. Our position is that the defendant, and this is undisputed, the defendant has the initial burden of protection. It's uncontested. We do not believe that the defendant met his burden of production, and I'll explain why in a minute. We also think if he met that burden, the burden of persuasion stays with the defendant. The only point that I was trying to make is if there is some dispute or this Court is concerned about whether it shifts to the government and when, we believe that the government wins on any standard because the evidence here is undisputed, affirmatively shows that the waiver here was, in fact, valid. But as to his burden, our position is that the only evidence he produces, the record of court form, trial counsel, sorry, defense counsel below conceded, and the Court acknowledged that in the typical case, a defendant would put on testimony from his lawyer to explain what transpired between the lawyer and his client, and everybody agrees that that's the dispositive question here and that the record was silent here. The defendant here didn't do that. Indeed, he didn't even accuse his lawyers below or on appeal that his lawyer failed to advise him of his jury trial right. Instead, he submitted the record of court form. That form, in our view, doesn't meet his burden of production because it affirmatively shows that he was told that he did have a right to a jury trial. It stated that, quote, upon a not guilty plea, he had the right to a trial either before a jury or the Court, and it informed him that by requesting a non-jury trial, he would, quote, knowingly and voluntarily waive his right to a trial before a jury of six persons chosen from citizens of Bibb County and called for jury duty. It represented the defendant wants the case to be, quote, decided by the judge acting without a jury, and it informed him that his attorney would know how to select a jury if he, in fact, wanted one. So our position is that an express statement that you do have a right to a jury trial is not evidence that you did not have a right to a jury trial. But in the part of the form where he actually had to make an election to plead not guilty, it says, I voluntarily waive, give up my right to a trial before a jury. I mean, that's what it says, right? It does say, I waive my right to a jury. In our view— And he did not have an option to elect a jury trial on that form. That's true, Your Honor. He didn't, and I believe his primary argument is that the form was misleading because it had only two checkboxes rather than three. So to that, I would say the form is crystal clear with respect to the existence of a trial right. It expressly stated multiple times over that you have the right to a jury. He was represented by counsel the entire time for three months before he even signed the form. The defendant's contention is that it didn't explain how to exercise that right to a jury. Our view, that can't be misleading for several reasons. First, we know that this form was signed when he showed up to an already scheduled bench trial. That means, and this is consistent with the undisputed state practices, he necessarily, affirmatively requested a bench trial. We know this is true because his trial counsel said that that's what they did to avoid the trial tax. And the form, therefore, was used to memorialize a prior decision. And when read in that light, it shows two things. It explains why the form only had the two options, because it was only given to people, to defendants, who chose not to go ahead to a jury trial. The record shows that if you went to a jury trial, you didn't get the form and you didn't sign the form. So it's really memorializing which of the two non-jury trial options you selected. But the larger point is that it could not have misled him because he signed it at his already scheduled bench trial with counsel present, with the judge there. So our view is that it's not sufficient, that the contention that there are only two bullets there does not make the form misleading and it's certainly not enough to meet his burden of production. But if this court is concerned about that, we believe it's certainly not enough to satisfy the burden of persuasion, regardless of who has that burden. Because when you look at the trial tax statement, which is, again, this is something that's not normally in the record, the parties conceded below that the record is typically silent on what an attorney advises his client. Well, here it's not silent. We know that the attorney typically advises his client to elect for a bench trial to avoid the trial tax. And he said that's what, quote, we did here. So we have the defense counsel statement. We have General Grist's undisputed testimony about the general practices, which said there's no way to go to a bench trial unless you ask for one. He was represented by counsel from April 3rd. And we have the record of court form, which shows that those practices were followed here and, in our view, expressly informs him multiple times that he had the right to a trial. Does it matter that at the trial court, the government did not ask the trial court to draw an adverse inference that the attorney was not called to testify? No, Your Honor. And we never sought one, and that is correct, but we think that's a side issue. That's a red herring, Your Honor, in our view. The question is whether he met his burden of production. We don't need an adverse burden of production. Our only point is that it was, and if I just could finish my point, is that it's undisputed that the dispositive question is what the lawyer told him. We're not asking for an adverse inference. We're just saying he never adduced any evidence of what his lawyer told him. The record of court form shows the opposite of what he's purporting to show, and the evidence here shows that his lawyer did, in fact, tell him. But we're not requesting some sort of evidentiary adverse burden. We're just inference. We're just suggesting he failed to meet his burden of production. He failed to meet his burden of persuasion, and under any burden, the government has demonstrated in spades that this waiver was voluntary. We therefore ask the court to reverse. Thank you, Mr. Lehrman. You've reserved your full five minutes for rebuttal. Mr. Dotson. Good morning. Jonathan Dotson for Idris Shamsid Dean, and may it please the court. Henry Ford famously said, I will make your car any color you want, as long as it's black. That is analogous to what the record of court form communicated to Mr. Shamsid Dean about his right to a jury trial. It gave the impression that while he may, under some circumstances, sometimes have a right to a jury trial, in that case, and in that courtroom, he had two options. He had two boxes that he could initial. He could either plead guilty and waive his jury right, or plead not guilty and waive his jury right. So the district court did not clearly err in interpreting that form as an objectively misleading form, and in concluding that a defendant could reasonably conclude that that was his only two options. In light of the entire record, aren't you asking that form to do too much work? We know that he was represented by counsel three months before he signed the form, and he signed the thing we can look to. It's acknowledged that the form doesn't lay out all the choices, but if the form is simply there to memorialize a choice that he's already made, why do we have to look to the form and judge any shortcoming if the form isn't actually supposed to notify him of all of his rights? Two responses to that. First of all, because we believe that we met our burden of production, that overcame a presumption of regularity. The government has suggested that's some additional hurdle that we have to clear, but the case law ties the presumption of regularity to the burden of production. Part V really explicitly says that's the reason that we have a burden of production when we're challenging a prior conviction, which meant that the district court had to then base its ruling on the evidence and not on an assumption about what should have or what normally would happen. The second response to that is I would dispute that this form, the purpose of it was to memorialize a prior decision. A Solicitor General was asked point blank, what is the basic purpose of this form? And she said that it was to ensure that the defendant understands his rights and has a knowing waiver. And that's at document 48 at page 21. So, moreover, even if that was the administrative purpose, that is irrelevant to how the defendant understood the form. It appeared to the defendant to present two options of which he had to pick one. And so because the district court had to look at the actual evidence, the evidence that the government relied upon didn't outweigh that form. And I agree under any standard, except that I think the court was correct under any standard. You just said how it appeared to the defendant, but that's not really accurate, right? We are looking at how it might have appeared to any defendant, but you have not put forth any evidence that Mr. Shamsi Dean saw the form in that way. We don't have an affidavit from him. He didn't testify and his lawyer didn't testify, correct? That's correct. I don't think that in a case where we have a misleading form like this, it's true that normally the testimony from a defendant would probably be required to even satisfy the burden of production. But there's no reason that circumstantial evidence is insufficient for this kind of finding. That can even be sufficient in a beyond a reasonable doubt context. So, in this case, we felt comfortable that we could rely on what is an objectively misleading form. And the court did find objectively, it found it in terms of what a reasonable defendant would interpret the form to mean. Well, and on that issue of how minimal is the burden of production, can you point me to a single case establishing a defendant's entitlement to an affirmative defense without some affidavit or testimonial evidence that the facts worked in his favor? I do not see, I did not see any reference to testimonial evidence. It does say a lot of the cases say any evidence. Some cases say a proffer. And there are no cases that, specific to this issue, that represented it's a prima facie standard. However, I think we would easily meet that as well because one of the sources that the government cited was McCormick on evidence. And it describes a burden of production as evidence from which a reasonable person could infer the existence of a specific fact. The record of court reasonably implied a reasonable person could infer from that form that a defendant would not know because he didn't have an option that he could, in that case, exercise his jury right. That his waiver would not be voluntary. Even if he knew there was a theoretical jury right, he didn't know he had a third choice because the form didn't present one. So your argument would be, in this case, even though we have no testimony, no affidavit, nothing from Mr. Shrumsey, Dean, where he says, my lawyer didn't tell me about my trial rights, the form is enough. The form is enough in this case because it measured against the evidence to the contrary, the preponderance favors the form. I do want to briefly address the burden of persuasion because this is an element negating defense. First of all, if it wasn't an element negating defense, then it's difficult to understand how the district court's order was dispositive of the government's case and how we're even here appealing that. But the district court's order was dispositive correctly because the text of the statutes make clear that it's an element negating defense. 922G9 says that it shall be unlawful, excuse me, it says, a person, quote, who has been convicted of a misdemeanor crime of domestic violence can't possess a firearm. And in the 33B exception says a person, quote, shall not be considered to have been convicted. So the defense textually and logically negates the conviction element required for the government to prove its case. That's similar to how the Supreme Court interpreted in Beecham the 921A20 exception for expunged and vacated and set aside convictions. It pointed out that 922G1 applies to those who have been convicted and said that the language there in that exception that such a conviction that's been expunged, quote, shall not be considered a conviction. And it interpreted that consistently. It said because the language using the word convicted in both, it rebuts the argument that these apply to different circumstances. So essentially it was applying the consistent usage canon to that text and the same would go for the text of 33B. And it also makes it consistent with the body of case law in this circuit interpreting the burden of persuasion as to other defenses to gun charges. Although I admit that those cases didn't do the element negating analysis, but it is consistent with that case law as well. And so we would argue that because it's an element negating defense, due process requires that the government negate that element beyond a reasonable doubt once we have met a minimal burden of production. And due process is also the reason that that burden of production is minimal. But you would concede that if we find you didn't meet the burden of production, you lose, correct? And we would reverse the district court. Yes, yes. If we didn't meet the burden of production, we lose. But again, that burden, even under the government's prima more than evidence that allows a reasonable inference. And the fact that a defendant signed a record of court form that only gave him two options allows for that reasonable inference. It doesn't have to be the only inference. It just has to be a reasonable one to satisfy that burden of production. And again, in doing so, at that point, the presumption of regularity is off the table and the district court had no choice but to look at the evidence. And the court was conscientious. This was litigated in four motions and there were two hearings. And it very carefully considered the evidence and came to a conscientious decision. It put a lot of work into this case. Did the district court make any credibility findings? Not explicit credibility to findings. However, I would disagree with my colleague that that's necessary. This court reviews for clear error any factual findings, whether they're explicit or implicit credibility findings or not. The factual findings are reviewed for clear error and none of the court's findings or the factual inferences that it made from those findings are clearly erroneous. Why aren't we applying a de novo standard of review? After all, the application of the section, subsection B exceptions would be a legal question, right? I agree that the allocation is a legal question. I think that the question of who met the burden is a mixed question. And so it's difficult to divorce from the factual findings that should be reviewed for clear error. And as Judge Pryor pointed out, none of the cases specific to this issue have stated that a de novo review standard applies. Let me ask you, you've argued that the government's burden of persuasion is beyond a reasonable doubt, but this was a pretrial motion in limine. So why would reasonable doubt be the standard? Because it is an element negating defense, the due process clause requires it under Mulaney v. Wilbur and In re Winship. It's a beyond a reasonable doubt standard. If we were mistaken in saying that this is a judge question, then that would mean that we waived our right to have a jury determine that. It was the defendant's right to waive and we'd argue that that was harmless error because ultimately the judge found for us under what we're saying is a tougher standard than it should have applied. So, plus there's really, it's not that anomalous because we do treat element negating defenses a little bit different. They're different than elements and they're different than defenses, regular defenses. If that weren't the case, then the government would have to negate the defense in its charging document and we wouldn't even have a burden of production. But this is, we put this in a different bucket and it's treated a little bit differently. Certainly the district court is capable of applying a beyond a reasonable doubt standard. They do it in bench trials. So, it would be more anomalous to have a district court apply a different standard to exclude evidence of an element negating defense than it ultimately applied to the element itself or than the jury ultimately applied to the element itself. I do, one more, I do want to address the defense counsel's statement at trial about the trial tax. The district court read that testimony and considered it in the context in which it was made. The lawyer was clearly pandering, asking the judge to give us a break because we didn't, quote, waste the jury's time. It's a little bit of an odd thing for a lawyer to say to a judge about a trial tax. And the lawyer's statement that that's his personal preference is a little bit out of step with what I would suggest a majority of defense lawyers would believe. And just to say, it suggests a less than zealous advocacy on the part of his client. And I don't mean to— Counsel, while you, we have the acceptance of responsibility reduction in the federal sentencing guidelines for crime outlaw. Yes. Over 90% of the defendants who are convicted in state and federal court plead guilty. Correct. If they don't do that to get a break at sentencing, then the whole system doesn't function. To defend his client when he tries to do what 90% of the defense attorneys do, more than 90% in state and federal court, I don't think that's a valid argument at all. And I don't mean to be unfair to the defense lawyer, but he was taking it to a bench trial, not pleading guilty. And my only point in saying that is that the district court evaluated that testimony in the context in which it was made and didn't believe that it represented a reliable indication of the defendant's voluntary decision, and that that finding wasn't clearly erroneous. So that statement, in the context in which it was made, it's not as if it was a prophylactic statement before he went to trial like we would have in a Rule 11 hearing that is designed to make clear that a defendant understands that he has this jury right. It was in a different context, and this report was correct. But what counsel was doing, obviously, a valid tactic, which is reminding the court, it's a lot easier to dispose of these things in a bench trial than it is with a jury trial. My client saved you a lot of time. Give him a break at sentence. That's valid tactics. It happens all the time. I agree. It's not an illegitimate argument. The better point that I was trying to make is just in that context that the district court didn't feel that that represented a voluntary decision on the defendant's part. He's speaking about what he likes to do normally, the lawyer's personal preference. Finally, just to point to the parts of the form that the government has stressed on, the district court, again, was correct to find that the reference to the jury trial was embedded within this second option in a form that gave the defendant only two options. And so the court was correct to read it in context. Although it may have said something about knowingly waiving a jury right, again, the defendant wasn't given an option not to. So it doesn't mean that his waiver was voluntary. The district court was also correct to read the top of that form that said you have a right to trial, quote, before a jury or the court, logically. The disjunctive doesn't imply you always have a right to a jury trial or you always have a right to a court. And the defendant could be expected to read that logically as well. So the court was right to say that the structure of that form outweighed these references to Even under a preponderance standard, the district court's findings weren't clearly erroneous and its ultimate conclusion was correct. But again, because it's an element negating defense, it really should have been a beyond a reasonable doubt burden on the government. Thank you. I will get to the burden in a minute. But first, I wanted to address a couple of misstatements on the record. First, General Grist did not testify that the form was used to initially inform defendants of their rights. She testified that it memorialized the rights. She stated expressly multiple times that when somebody has an attorney, they don't go to the arraignment, they don't get the form, and they rely on the attorney to apprise the defendant of his rights. She said that the form on the page cited by counsel here today was used to, quote, back up that the defendants had been informed of their rights. And that the form is filled out only at, quote, the resolution of the case or it's signed when, quote, the case is getting resolved. It's undisputed that as a general practice, and the district court credited the General Grist testimony, that as a general practice, the form is used to memorialize a right. And that's what happened here. Second, with respect to the burdens, I believe Judge Branch asked a question about him saying my lawyer didn't tell me this and then submitted the form. I just want to make clear, he never said my lawyer didn't tell me this. He just submitted the form. He never said it in an affidavit or any type of proffer to the court or, indeed, even in his briefing. He never said his lawyer didn't tell him this. Everybody knows that that's the dispositive issue here. And he didn't put forth any evidence. So I just wanted to make that clear. Third, in terms of the trial tax, Judge Carney, this court has stated in Farris that when a defendant knows of his jury trial and waives it, that, quote, suggests that the defendant's a tactical decision. The evidence here is crystal clear that it was a tactical decision. We could talk about whether the defense counsel was right or wrong. There is a presumption of adequate representation here. But it's clear that that was a decision made in this case. It doesn't really matter whether he made it in other cases, although, to be clear, he said that he routinely does so, and nobody disputed that testimony. But what, in order to prevail here, I think the defense has to convince this judge to ignore trial counsel's statement about the trial tax. It needs to assume that trial counsel, contrary to his ethical obligations, made a decision on a frolic without the consent of the defense and asked for a non-jury trial without his consent. And as to the presumptions, the presumptions don't disappear because there's burden here, because there's a piece of paper. There's a presumption of regularity. There's a presumption of adequate representation. And there's a presumption of validity of why this case is distinguishable. That is ultimately what we have here. We have a defendant challenging the validity of a prior conviction. That goes mostly to the burdens, and that's why in these types of cases the court typically places the burden on the defendant. But the presumptions are part of the evidence, too, Your Honor. They don't go away because he submitted a piece of paper. And the presumptions, though, are backed up by the record here. Again, there's no dispute about the state practices or that they were followed here. The judge signed a form stating that the waiver was voluntary. He presumably knows about the state's practices. But again, they were not in dispute here. Let me ask you about, you had referenced the Flower case with respect to the standard of review. Yes, Your Honor. But in the Flower case was interpreting a similar exemption like subsection B. And what the Tenth Circuit actually said was, if the defendant adequately objects to the introduction of a prior conviction, which is what we have here, we will review de novo the district court's legal decision as to the admissibility, and we will review the court's underlying factual findings for clear error. And the only reason the court applied a de novo standard of review is because there were no facts. They were just simply interpreting the statute. So I don't understand how that supports your argument. Well, it's a mixed question of law. In fact, I didn't mean to suggest, as my friend did, that only credibility determinations are factual findings. I do think if the court made a factual finding, if the court found this form was not signed on April 3rd but was signed on My only point is there are no disputed factual findings here. The court agreed. The court credited all of her testimony. The court didn't dispute anything in the form. Once we're talking about what the form says, that's a legal court. That's like contract interpretation. But the court said that her testimony was only as a general matter because she didn't have any knowledge of the facts here. We agree that it was as a general matter. What we think is that the record of court form supports that the general matter. And general matter is important. Again, if the burden's on him, the general practices are important. Because there's no evidence to the contrary. And as we explained, the record of court form is completely consistent. It was dated at the defendant's bench trial. The only dispute is, you know, if there's a dispute about whether it was used to memorialize, we know that from the face of the form. He signed it on the date of his bench trial. So there is no fact. Chairman, Chairman, you've been a little bit repetitive there. And you promised us you were going to answer his argument that it was an element negating exception. And you haven't done so. Okay. Three points on that, Your Honor. First, no court has held that the only court to address the issue is the court in Hartsock. And it expressly held that it's not. Second, it's undisputed that this is a legal question to be decided by the court before trial. That's inconsistent with this being a factual question to be resolved beyond a reasonable doubt. Counsel is correct that judges do that when they're sitting as fact finders at bench trials. But they don't do that when they're deciding preliminary questions of law. And indeed, it would be anomalous and, in our view, unprecedented to have. We think the implication here is that the jury would decide this is a factual issue at trial. And so what we would have is a jury deciding at a trial in a federal firearms offense whether the defendant had a right to a jury in his prior case, whether he waived that right, whether that waiver was knowing, intelligent, and voluntary. Those are quintessential judge decisions. Those are not decisions made beyond a reasonable doubt by a finder of fact. Those are decisions made by a judge. There's no indication that Congress intended the government to rebut beyond a reasonable doubt a limited safe harbor, which is an exception to a statutory definition for this crime here. And so, Your Honor, I would submit that it would be unprecedented. I think it would call into question all the cases from this court and every other court holding that this is a question of law. The defendant conceded below and conceded on appeal that this is a question of law to be decided in a Rule 104a proceeding. And so, in our view, there's no question that this is not a reasonable doubt question for the jury, but is a question for the judge. And, as we said, every court to address the issue has held that the burden should, in fact, be on the defendant, much less on the government, beyond a reasonable doubt. His argument, though, is textual, which is the current rage now, as you know, which is the statute says a defendant who has been convicted, and then the exception says the person shall not be considered to have been convicted. So it's this is an element, and that element shall not have been shall not be considered to have been established if. Why is that not an element? Well, because we know it's not an element because Johnson said it's not an element. So the question is whether it negates an element. And here, I agree with Your Honor, it is textual. It's a question of congressional intent. The question is whether Congress, when enacting 922G for domestic violence offenders, and then defining it in 92133 subsection A, and then creating a limited, narrow, safe harbor to that definition, whether Congress intended that to, in fact, negate an element such that the government would have the burden beyond a reasonable doubt. Our view is that there's no indication that Congress meant to do that. And you look at the statute. Every court has said that these are definitional requirements, and we're not even talking about the primary requirement. We're talking about an exception to the definition that is then incorporated by reference into the statute. And so we think it would be an anomalous reading of the statute that, as I said, would call into question a whole host of cases in which courts decide this pretrial. Thank you, Mr. Lerman. Our next case is number